IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TOSHIA R.**[1], <br><br>        Plaintiff, <br><br>    v. <br><br>**MARTIN O'MALLEY**, Commissioner of Social Security, <br><br>        Defendant. | Case No. 6:23-cv-151-SI <br><br> **OPINION AND ORDER** |

Sherwood J. Reese, and Drew L. Johnson, P.C., 1700 Valley River Drive, Eugene, OR 97401. Of Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Noah Schabacker, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Toshia R. ("Plaintiff") seeks judicial review of the final decision by the Social

Security Commissioner ("Commissioner") denying Plaintiff's application for Disability

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

Insurance Benefits ("DIB") and Social Security Income ("SSI") under Titles II and XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). For the reasons discussed below, the Commissioner's decision denying Plaintiff's applications is REVERSED and REMANDED for the immediate payment of benefits.

## STANDARD OF REVIEW

The decision of the administrative law judge ("ALJ") is the final decision of the Commissioner in this case. The district court must affirm the ALJ's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla" and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the ALJ's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the ALJ. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). A reviewing court, however, may not affirm the ALJ on a ground upon which the ALJ did not rely. *Id.*; *see also Bray*, 554 F.3d at 1225-26.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff filed for disability on September 26, 2018, alleging a disability onset date of February 14, 2018. AR 13. She later amended her alleged onset date to October 1, 2018. *Id.* Plaintiff has a high school education and had worked as a salesclerk at a manufacturing company until June 30, 2021. AR 28, 43, 268-70, 638. Plaintiff was born on November 17, 1982, and was 35 years old at the time of her application for benefits. AR 62.

The agency denied Plaintiff's claims initially and upon reconsideration. AR 106-08. Plaintiff then requested a hearing before an ALJ, which was held telephonically on September 23, 2021. AR 38. On October 22, 2021, the ALJ issued a partially favorable decision, concluding Plaintiff became disabled as of July 1, 2021. AR 10-32. Plaintiff now seeks review of the ALJ's decision finding she was not disabled from October 1, 2018, through June 30, 2021.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity ["SGA"] by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are:

> (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25. Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the analysis continues beyond step three, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC").

The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Tackett*, 180 F.3d at 1099; *see Bustamante*, 262 F.3d at 954.

**C.  The ALJ's Decision**

As an initial matter for Plaintiff's DIB claim, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2025. AR 15. At step one of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of October 1, 2018. *Id.* At step two, the ALJ found Plaintiff has the following severe, medically determinable impairments: status post cerebrovascular accident with residual headaches and disorders of the joints. AR 16. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 18.

The ALJ then found that, before July 1, 2021, Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following additional limitations:

> she can never climb ladders, ropes, and scaffolds, frequently climb ramps and stairs, occasionally balance, stoop, kneel, crouch, and crawl, occasionally reach overhead with her left upper extremity, frequently handle, finger, and feel with her left upper extremity, and must avoid even moderate exposure to hazards such as operational control of moving machinery and exposure to unprotected heights.

AR 18-19. At step four, the ALJ concluded that, before July 1, 2021, Plaintiff could perform past relevant work as an order clerk. AR 27.

The ALJ concluded that, beginning on July 1, 2021, Plaintiff's condition warranted additional RFC limitations, including "frequent fifteen-minute breaks, totaling ten percent of the workday in addition to customary break and lunch periods." AR 25. Given the additional break times, and the added limitation that Plaintiff would also "be absent from work one day per week," the ALJ concluded Plaintiff was disabled as of July 1, 2021. AR 25, 28.

## DISCUSSION

Plaintiff argues that the ALJ committed multiple errors, including (A) failing to provide legally sufficient reasons to discredit work limitations assessed by treating providers Regina Fiacco, PA-C and Sagen Olson, PA-C; (B) failing to address the medical opinion of David Kobliska, MD; (C) failing to incorporate into the RFC limitations assessed by Derek J. Leinenbach, MD, and two reviewing State medical physicians; (D) failing to provide clear and convincing reasons to reject Plaintiff's testimony; and (E) failing to give legally sufficient reasons to discredit lay witness testimony.

The Commissioner argues that, even assuming the ALJ erred in evaluating the "opinion evidence" and Plaintiff's symptom testimony, those errors were harmless because Plaintiff

worked part time until June 30, 2021, at levels just below substantial gainful activity. The Commissioner asserts that the ALJ reasonably concluded that Plaintiff's part-time work at the heavy exertion level could have easily translated to her being able to perform full-time work at the sedentary level. According to the Commissioner, had the Plaintiff moved to full-time work at the sedentary level, she would have earned above SGA levels, and would thus not be disabled at step one of the sequential analysis. The Court disagrees with the Commissioner and addresses these arguments below.

**A. Heavy Work**

The entirety of the Commissioner's argument relies on the proposition that Plaintiff's ability to work part-time at the heavy exertional level, earning just below SGA levels, precludes her from being disabled. In the ALJ's decision, he repeatedly cited Plaintiff's ability to perform part-time work at the heavy exertional level when discounting medical opinion evidence and Plaintiff's symptom testimony. AR 22-25, 27. According to the ALJ, because Plaintiff was able to "perform her past work at the heavy exertional level for five hours per day at just barely under substantial gainful activity levels," it was reasonable to conclude that she could "perform the same job full time and/or at above substantial gainful activity levels as generally performed at sedentary [levels] in the national economy." AR 22.

At the hearing, the vocational expert ("VE") testified that Plaintiff's past work as an order clerk was generally classified at the sedentary exertional level; but the VE opined that "based on the claimant's file, she performed this job at the heavy exertional level." AR 56-57. "Heavy work involves lifting no more than 100 pounds at a time with frequent[2] lifting or

---

[2] "Frequent" is defined as occurring one-third to two-thirds of the time, or two-to-six hours in a workday. SSR 83-10, *available at* 1983 WL 31251, at *6 (Jan. 1, 1983).

carrying of objects weighing up to 50 pounds." 20 C.F.R. §§ 404.1567(d) and 416.967(d) (footnote added). "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." *Id.* Nothing in the record, however, explains how the VE reached the conclusion that Plaintiff performed her work at the heavy exertional level *during the relevant period*. The Commissioner argues that the VE's testimony is, by itself, substantial evidence to support the ALJ's opinion, but if that testimony requires a factual basis that is not supported in the record, then the opinion by itself does not serve as substantial evidence to support the ALJ's decision.

Plaintiff completed a Work History Report on November 28, 2018, describing the two jobs that she had held, one from 2001 to 2005 and the other from 2005 to the date of completing the report. AR 303-08. She described her current duties in the present tense—that she answers the telephone, takes customer orders, processes orders, runs credit cards, prepares deposits, orders supplies, ships orders and answers emails. AR 305. She also described her lifting and carrying duties, in the past tense, as that she had lifted boxes of shrink film and carried them from the warehouse to the UPS desk. *Id.* She checked the boxes and indicated that for her current job the heaviest weight she had lifted was 80 pounds and that she had frequently lifted less than 10 pounds. *Id.* Plaintiff also reported that at the job she held from 2001 to 2005, the heaviest weight she lifted was 50 pounds, and that she frequently lifted only twenty-five pounds. AR 306. This latter job involved clearly medium work, and not heavy work.

Even if Plaintiff had worked at the heavy exertional level at her "current" job before 2018 when her medical problems began, there is no evidence that she continued to do so after returning to work. Her Work History Report, which is the only evidence in the record supporting the VE's conclusion that Plaintiff worked at the heavy exertional level, does not list the carrying

or shipping duties in her present-tense job description, and she later lists her lifting and carrying in the past tense unlike her other present tense descriptions. Additionally, the record reflects that after her stroke and associated medical problems, Plaintiff struggled with lifting and carrying, and that she frequently dropped items. AR 47, 309, 331, 369, 555, 572, 1035, 1130, 1210. Plaintiff also testified that, despite receiving support from her boss and coworkers, she still had to miss a significant amount of work due to health problems, which is reflected in her reports to medical providers. *See* AR 46-47, 626, 1032. She was limited to part-time work in October 2018, and was further limited to no more than two consecutive shifts in 2020, because her medical providers noted her condition deteriorated after prolonged periods of activity. AR 1135, 1137. The record also repeatedly reflects that Plaintiff's condition deteriorated after five hours, regardless of the kind of activities in which she engaged. AR 54, 309, 610, 931, 1031, 1037, 1135.

The ALJ's repeated assertion that had Plaintiff simply worked at the sedentary level before July 1, 2021, she could have earned above SGA levels and would therefore had been able to return to her previous job before that time, is speculative at best. The fact is that Plaintiff did not earn at or above SGA levels, which is precisely why the ALJ was required to, and did, continue on with the sequential analysis. Adding hypothetical changes to Plaintiff's past employment in order to achieve a result at odds with the facts does not amount to substantial evidence, and the Court declines to support these forays into conjecture.

**B.  Limitations Assessed by Treating Providers**

Plaintiff argues that the ALJ erred in discrediting the work restrictions placed by two separate treating providers before July 1, 2021. In October 2018, Regina Fiacco, PA-C, opined that Plaintiff was significantly impaired in her ability to "function consistently for prolonged periods" and restricted Plaintiff to working only five hours per shift. AR 1135. In August 2020,

Sagen Olson, PA-C, noted Plaintiff's chronic health conditions including fatigue, migraines, and paresthesia, warranted further restricting Plaintiff to working no more than two consecutive shifts. AR 1137.

      The Commissioner does not expressly concede the ALJ improperly evaluated the work restrictions assessed by treating providers Fiacco and Olson. The Commissioner did not, however, defend the ALJ's reasons for finding the limitations assessed by Fiacco and Olson unpersuasive from the dates they were issued through June 30, 2021. *See* AR 23-24. Nor does the Commissioner explain how these opinions then became persuasive to the ALJ as of July 1, 2021. *See* AR 26. The Commissioner does not directly respond to Plaintiff's arguments challenging the ALJ's decisions, including that the ALJ (1) improperly relied on an assumption regarding Plaintiff's capacity for heavy work; (2) cherry picked records for signs of neurological improvement, while ignoring records with signs of ongoing neurological decline; (3) improperly determined Plaintiff discontinued regular treatment for her headaches; and (4) improperly relied on a single telemedicine visit to conclude Plaintiff was "alert and cooperative . . . with no obvious cognitive deficits." ECF 9 at 3-12. Instead, the Commissioner relies on the broad proposition discussed above: that Plaintiff's ability to work part-time at heavy exertional levels forecloses any argument Plaintiff may assert. As discussed above, this argument by the Commissioner position is not persuasive. Accordingly, the Commissioner has waived any argument that the ALJ provided in discounting the limitations assessed by Fiacco and Olson. *Jeffrey C. v. Kijakazi*, 2023 WL 4760603, at *3 (D. Or. July 26, 2023) ("The Government's failure to defend Plaintiff's allegations of error, however, is a concession of those alleged errors."); *see also Megan S. v. Berryhill*, 2019 WL 1919169, at *5 (D. Or. Apr. 30, 2019) (finding that the Commissioner "has waived any argument that the ALJ provided a clear and

PAGE 9 – OPINION AND ORDER

convincing reason other than Plaintiff's purported improvement" by failing to respond to Plaintiff's arguments other than generally to assert "harmless error"); *Alesia v. Berryhill*, 2018 WL 3920534, at *7 (N.D. Ill. Aug. 16, 2018) (finding that the Commissioner's "conclusory assertion and overly broad evidentiary citation" is not a sufficient argument and thus waives any argument that the ALJ's conclusion was legally sufficient).

## C.  Dr. Kobliska's Opinion

Plaintiff argues that the ALJ erred in failing to address the opinion of treating physician, David Kobliska, MD. In October 2021, Dr. Kobliska opined that Plaintiff was unable to work full time due to her medical issues. AR 1210. The ALJ did not address Dr. Kobliska's opinion, stating he would "not provide articulation about evidence that is neither inherently valuable nor persuasive." AR 22. The ALJ then repeatedly cited to Dr. Kobliska's opinion to support his conclusion that Plaintiff was disabled as of July 1, 2021. *See* AR 25-27. According to Plaintiff, that the ALJ relied on Dr. Kobliska's opinion indicated that the ALJ found the opinion to be both valuable and persuasive; thus, it was error for the ALJ to disregard the opinion.

The Commissioner again does not expressly concede that the ALJ erred in failing to address the opinion of Dr. Kobliska, but again fails to defend the ALJ's reasons for disregarding the opinion. Nor does the Commissioner directly respond to Plaintiff's arguments, including that the ALJ erred by rejecting Dr. Kobliska's opinion and then relying on the opinion to support his disability determination. Accordingly, the Commissioner has waived any argument that the ALJ did not err in failing to properly evaluuable Dr. Kobliska's opinion. *See, e.g.*, *Jeffrey C.*, 2023 WL 4760603, at *3; *Megan S.*, 2019 WL 1919169, at *5; *Alesia*, 2018 WL 3920534, at *7.

## D.  RFC Assessment from Dr. Leinenbach and Two State Agency Physicians

Plaintiff argues that the ALJ erred in failing to include in the RFC limitations assessed by consultative examiner Derek Leinenbach, MD, and two non-examining State agency physicians,

PAGE 10 – OPINION AND ORDER

M. Greenberg, MD, and Lloyd H. Wiggins, MD. The Commissioner again does not expressly concede that the ALJ erred in failing to include the opined limitations in the RFC but has again failed to directly respond to Plaintiff's arguments. Thus, the Commissioner has waived any argument that the ALJ did not err in failing to incorporate the limitations assessed by Drs. Leinenbach, Greenberg, and Wiggins.

### E. Plaintiff's Subjective Testimony and the Lay Witness' Testimony

The Commissioner does not concede that the ALJ improperly rejected Plaintiff's symptom testimony and the testimony of four lay witnesses. The Commissioner, however, offered no argument in support other than general conclusory statements that the "three years of work" undermine both Plaintiff's subjective complaints and the lay witness reports. Accordingly, the Commissioner has waived any argument that the ALJ provided adequate reasons to discount Plaintiff's symptom testimony and the lay witnesses' testimony.

### F. Remand

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanri*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The district court first determines whether

PAGE 11 – OPINION AND ORDER

the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and may decline to remand for benefits when "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

The first element of the credit-as-true analysis is satisfied.[3] The ALJ failed to provide legally sufficient reasons for rejecting the medical opinions of treating physicians Fiacco, Olson, and Kobliska; failed to incorporate limitations in the RFC from credited medical source opinions; and failed to provide legally sufficient reasons for rejecting Plaintiff's symptom testimony and the testimony of four lay witnesses.

The second factor, whether the record is fully developed and free from conflicts or ambiguities in the record, is also satisfied. The Commissioner argues that Plaintiff's ability to work five hours per day at the heavy exertional level requires remand for further proceedings, but the Court has found that there is no evidence in the record supporting the VE's conclusion that Plaintiff worked during the relevant period at the heavy exertional level. There is overwhelming evidence that Plaintiff was disabled prior to July 1, 2021. Indeed, the record

---

[3] The Commissioner incorrectly stated that Plaintiff failed to address the credit-as-true factors, and thus waived this argument. Plaintiff's opening and reply briefs both address the credit-as-true factors. *See* ECF 9 at 19-20; ECF 14 at 8-10.

establishes that Plaintiff was no longer able to sustain full-time work as of October 16, 2018, the day treating provider Fiacco limited Plaintiff to only part-time work. *See* AR 1135. Plaintiff's records show that her condition continued to decline, even as she continued to work part-time. Plaintiff continued to experience debilitating symptoms throughout the relevant period. She missed work even when restricted to part-time. She required additional help and support from coworkers and supervisors. Nothing in the record indicates she ever reached a level of functioning that would support full-time work after October 16, 2018.

The third factor is also satisfied. There is no doubt that if any of the opinions rejected by the ALJ were properly credited, that Plaintiff would be disabled. Treating providers Fiacco and Olson limit Plaintiff only to part-time work. AR 1135, 1137. The VE testified that crediting the limitations assessed by Dr. Leinenbach, Greenberg, and Wiggins would preclude Plaintiff from work. AR 58-60. Plaintiff's subjective testimony that she cannot sustain activity more than five hours a day, if credited, would similarly preclude her from sustained work. AR 47, 57-58.

Considering the credit-as-true factors are satisfied, and because this Court does not reaain "serious doubt" that Plaintiff has been and is disabled, this case is remanded for an award of benefits as of October 16, 2018.

## CONCLUSION

The Court REVERSES the Commissioner's decision that Plaintiff was not disabled and REMANDS for an immediate calculation and payment of benefits.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 13 – OPINION AND ORDER